## Rosenthal, Appellant, *v.* Rosenthal.

*Divorce—Indignities to the person—Evidence.*

A wife is entitled to a divorce where the evidence clearly discloses a series of excessive personal assaults on her by her husband, and repeated threats by him to inflict further physical violence on her, and further discloses that he obtained from her all the money she had ($800), and then persisted in petty persecutions by calling her vile names in the presence of friends, and by refusing to pay her boarding bills, or to recognize or live with her.

Argued April 12, 1915. Appeal, No. 148, Oct. T., 1914,

by plaintiff, from decree of C. P. Schuylkill Co., Jan. T., 1910, No. 127, refusing divorce in case of Henrietta Rosenthal v. Leopold Rosenthal.   Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Libel for divorce.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree refusing divorce.

*William Wilhelm,* with him *Smith, Paff & Laub,* for appellant.

OPINION BY ORLADY, J., October 11, 1914:

The parties to this action were married in New York City, and on November 27, 1908, removed to Mahanoy City, in Schuylkill County, where they continued to reside until November 29, 1909, when a subpœna in divorce was awarded by the Court of Common Pleas of Schuylkill County, on the petition of the wife, alleging such indignities to her person as to render her condition intolerable and her life burdensome.   The subpœna was served personally by the sheriff of the county on the respondent on November 30, 1909.   On December 6, 1909, on motion of her attorney, an examiner was appointed, who, the same day, issued a formal notice, that witnesses would be examined on behalf of the libellant at his office at a designated time, etc.   This notice was personally served on the respondent on December 6th, who did not appear by counsel or in person before the examiner.   Some testimony was taken on the day so fixed, but owing to the fact that it was taken before the return day, it was held to be irregular, and no record was made of it.   No further action was taken until October, 1913, when counsel for libellant, requested that another day be named.   The examiner fixed October 30, 1913, and the whereabouts of the respondent not being known,

a notice by publication was had, under a rule of court, as follows: "71. The examiner shall not sit as such, until satisfied that at least five days' notice of the time and place of sitting has been given to the respondent, unless such respondent cannot be found within the jurisdiction, when notice conspicuously posted for five days in the prothonotary's office shall be deemed sufficient." The court had jurisdiction of the cause of action, and of the parties. The appointment of the examiner was regular. The testimony taken by the examiner on October 30, 1913, was returned the next day to the court, and the record returned to this court shows that on February 16, 1914, without further hearing before the court below, the petition for divorce was refused. On June 8, 1914, this appeal was taken and on November 17, 1914, proof of service of a rule on the appellee to appear and plead as well as proof of service of two copies of the appellant's paper book was filed in the court below.

We have examined the record from beginning to end to determine the merits or demerits of the application, and while the testimony is brief, it clearly discloses a series of excessive personal assaults on the wife by her husband, and repeated threats by him to inflict further physical violence on her. He obtained from her all the money she had ($800), and then persisted in petty persecutions, by calling her vile names in the presence of friends, refusing to pay her boarding bills, or to recognize or live with her. Fully informed of this testimony and of the appeal to this court, he does not challenge the regularity of the proceeding, or deny any fact presented by the record. Such a course of treatment as detailed in this record, fully and clearly meets the allegation in the libel and would naturally render her condition intolerable and her life burdensome, to such an extent as to seriously affect her health. The decree refusing the divorce is reversed, the record is remitted to the court below with direction to grant the divorce as prayed for.